Kyle A. Farnam
Alaska Bar No. 1610085
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Tel: (206) 340-1000
Fax: (206) 621-8783
Email: kfarnam@cozen.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT TOKIO MARINE KILN, as subrogee of YUKON LUSKOWIM HEALTH CORPORATION and ASKW-DAVIS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LYNDEN INCORPORATED; ALASKA MARINE LINES, INC.; NORTHLAND SERVICES, INC., <br><br> Defendants | CIVIL ACTION NO. _____ <br><br> COMPLAINT |

## COMPLAINT

Comes now plaintiff CERTAIN UNDERWRITERS AT TOKIO MARINE KILN, as subrogee of YUKON LUSKOWIM HEALTH CORPORATION and ASKW-DAVIS, LLC, by its attorneys, Cozen O'Connor, as and for its Complaint herein, alleges upon information and belief:

### PREDICATE

1. This civil maritime action is brought by plaintiff against various defendants to recover money arising from the ocean carriage of cargo traveling from Seattle,

Washington to Bethel, Alaska. The relief sought includes compensatory damages, costs of investigation and suit, interest and attorney fees and expenses.

## JURISDICTION AND VENUE

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. This claim arises from the ocean carriage of cargo which involves issues of interstate commerce and federal common law, giving rise to jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1333 and possibly 1337 in that the matter in controversy exceeds ten thousand dollars ($10,000.00), exclusive of interest and costs. There is also supplemental jurisdiction under 28 U.S.C. Sec. 1367 in this action.

4. There may be also diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332 in that, upon information and belief, plaintiff and defendants are citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. Venue of this action is predicated upon 28 U.S.C. Sec. 1391(b)(2) and (3) in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within the District of Alaska and that at least one of the defendants is subject to this Honorable Court's personal jurisdiction with respect to the within action.

## PARTIES AND RELATIONSHIPS

6. Plaintiff CERTAIN UNDERWRITERS AT TOKIO MARINE KILN is a foreign entity with a principal place of business located at 20 Fenchurch Street, London, EC3M 3BY, United Kingdom, and, at all times material, provided insurance coverage for the

COMPLAINT
Page **2** of **7**

personal property of its insureds, YUKON LUSKOWIM HEALTH CORPORATION and ASKW-DAVIS, LLC.

7. Defendant LYNDEN INCRPORATED (hereinafter "Lynden") is a Washington corporation with a principal place of business located at 18000 International Blvd, Suite 800, Seatac, Washington 98188.

8. Defendant ALASKA MARINE LINES, INC. (hereinafter "AML") is a Washington corporation with a principal place of business located at 5615 W. Marginal Way SW, Seattle, Washington 98106.

9. Defendant NORTHLAND SERVICES, INC. (hereinafter "Northland") is a Washington corporation with a principal place of business located at 6700 W Marginal Way SW, Seattle, Washington 98106.

10. Defendants Lynden, AML, and Northland at all times hereinafter alleged, were common carriers or bailees, or were agents of common carriers or bailees engaged in the interstate and intrastate carriage of goods for hire and, as such, their duties and responsibilities were governed by the U.S. Carriage of Goods by Sea Act, "COGSA," 46 U.S.C. Appx. Sec. 1300, et seq.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT FOR COMMON CARRIAGE

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "10" of this complaint as if more fully set forth herein.

12. Upon information and belief, on or about July 2017, there was delivered to a vessel and defendants in good order and condition, the shipment described as two "Air Handling Units," which said vessel and defendants received, accepted and agreed to

transport for certain consideration. This shipment was received at 6700 W. Marginal Way SW, Terminal 115, Seattle, Washington 98106.

13. Upon information and belief, the vessel was owned and/or operated by defendants Lynden and/or AML. The identity of the specific vessel is unknown to plaintiff.

14. Upon information and belief, neither plaintiff nor its insureds were provided bills of lading for carriage of these goods (the two air handling units) at sea.

15. Upon information and belief, thereafter, the said vessel and defendants delivered the shipment at the port of destination located in Bethel, Alaska.

16. Upon information and belief, the two air handling units were damaged while being loaded via forklift onto a truck by defendants.

17. Upon information and belief, this damage occurred on or about September 6, 2017.

18. Upon information and belief, the aforementioned damage occurred while the air handling units were in the custody and control of defendants at a shipping yard at or around the port of destination in Bethel, Alaska.

19. By reason of these premises, the above named defendants breached, failed and violated their duties and obligations as carriers, warehousemen, and bailees, or as agents for carriers, warehousemen, and bailees, and were otherwise at fault.

20. Plaintiff and plaintiff's insureds were the shipper, consignee, owner and/or underwriter of the shipment, and brings this action on their own behalf and as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

21. Plaintiff and plaintiff's insureds duly performed all duties and obligations on their part to be performed.

22. Plaintiff made payments to its insureds for the damage sustained to the subject air handling units, pursuant to the terms of their insurance policy. Thus, plaintiff is equitably, contractually, and legally subrogated to all rights and remedies that its insureds may have against defendants to the extent of its payments under the policy of insurance.

23. By reason of these premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $370,000.00.

24. That by reason of defendants' breach of their agreement as well as its own rules and regulations, plaintiff has been damaged in the sum of $370,000.00, with interest thereon from September 6, 2017.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEGLIGENCE

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" of this complaint as if more fully set forth herein.

26. That defendants, their agents, servants and employees conducted themselves during the inspection, surveying, loading, discharge, stowage, custody, control, handling, transportation and care of such property in a negligent manner and in such a way as to be oblivious to specific stowage requirements for the property in question, as well as plaintiff's and its agent's rights in such property.

27. That defendants' willful negligence and improper conduct with respect to the inspection, surveying, loading, discharge, stowage, custody, control, handling, transportation and care of such property resulted in loss, damage, deterioration and delay to the cargo.

COMPLAINT
Page 5 of 7

28. That by reason of defendants' negligent and improper conduct, plaintiff has been damaged in the sum of $370,000.00 with interest thereon from September 6, 2017.

### AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF EXPRESS AND IMPLIED WARRANTY

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" of its Complaint as if fully set forth at length herein.

30. Plaintiff's insureds and/or their agents entered into a contract and agreement with defendants to provide certain transportation, freight forwarding, chartering, inspection, surveying, loading, stowage and storage services for the cargo, for which work plaintiff's insureds agreed to pay to defendants the cost thereof.

31. Plaintiff's insureds entered into said contract with defendants relying upon an implied or express warranty by defendants that said services would be done in a careful, skillful and workmanlike manner.

32. Defendants failed to perform said services, as provided for in the contract, in a careful, skillful and workmanlike manner, as heretofore alleged, and thereby breached the warranty entered into with plaintiff.

33. Plaintiff's insureds have duly performed all of the conditions of said contract on its part to be performed and, as a result of the breach of warranty on the part of defendants, plaintiff has suffered the damages heretofore alleged.

34. By reason thereof, plaintiff had been damaged in the sum of $400,000.00, or near as can now be calculated, plus interest and costs thereon from September 6, 2017, no part of which has been paid.

/ / / / / / / / / /

WHEREFORE, plaintiff requests:

A. That process in due form of law according to the practice of this Court may issue against these defendants.

B. That if defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

C. That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

D. That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

E. Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated:  Seattle, Washington
        September 6, 2018

                    COZEN O'CONNOR
                    Attorneys for Plaintiff

By: _____
     Kyle A. Farnam
     Alaska Bar No. 1610085
     999 Third Ave, Suite 1900
     Seattle, Washington 98104
     (206) 340-1000
     kfarnam@cozen.com